ALICE K. HERBOLSHEIMER
Nevada Bar No. 6389
Alice.Herbolsheimer@lewisbrisbois.com
ALISON R. KERTIS
Nevada Bar No. 13875
Alison.Kertis@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH, LLP
5555 Kietzke Lane, Suite 200
Reno, Nevada 89511
Tel: 775.399.6383
Fax: 775.827.9256

*Attorneys for Defendant Circus and Eldorado Joint Venture, LLC d/b/a Silver Legacy Resort Casino*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

KIMBERLY GLASS,

Plaintiff,

vs.

MTM TRANSIT, LLC; CIRCUS AND ELDORADO JOINT VENTURE, LLC d/b/a SILVER LEGACY RESORT CASINO; JOHN DOES I-XX, inclusive, ABC CORPORATIONS I-X, inclusive; and BLACK AND WHITE COMPANIES, I-X, inclusive,

Defendants.

Case No.: 3:23-cv-00169-ART-CLB

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED, by and between Plaintiff KIMBERLY GLASS, Defendant MTM TRANSIT, LLC, and Defendant CIRCUS AND ELDORADO JOINT VENTURE, LLC d/b/a SILVER LEGACY RESORT CASINO, the Parties to the above-entitled matter, by and through their respective counsel of record, that this matter may involve the production of confidential and proprietary business information, personal information, or other confidential or proprietary information during discovery, and also the likely presentation of such information to the Court. Therefore, a protective order governing disclosure of this information is appropriate. The Parties

further stipulate that the disclosure of confidential and proprietary information in this action shall be governed by this Protective Order, as follows:

1. "Confidential Information" means any trade secret, research, development, commercial information, financial information, proprietary information, personal information of non-parties, proprietary client information, formulas, patterns, compilations, programs, devices, methods, techniques, processes, or other confidential information from which a party receives benefits (whether personal, economic, or otherwise and whether actual or potential) by not being generally known to the public. This Protective Order is designed to protect such information from public disclosure or use in other disputes.

2. Any party or third party to this action or any non-party that, in discovery, or in response to requests from another party in lieu of or in addition to discovery, produces, discloses, or receives any item of discovery, including, without limitation, any document, thing, interrogatory answer, deposition testimony, or admission, may designate the same as "CONFIDENTIAL" where it is believed in good faith the information contains Confidential Information. "CONFIDENTIAL" designations from third parties or non-parties shall be entitled to the same protection under this Protective Order as those made by any party or third party to this action. If a new party is added to this action, that new party may designate any previously produced item of discovery, including, without limitation, any document, thing, interrogatory answer, deposition testimony, or admission as "CONFIDENTIAL" within 60 days after it files its answer to the operative complaint.

3. If a party hereafter obtains documents from third parties during the course of this litigation pursuant to subpoena, the obtaining party shall provide a copy of those documents to the opposing party or parties. The opposing party or parties shall review those documents and may, within 21 days of receipt, designate any of those materials "CONFIDENTIAL" in accordance with this Protective Order.

4. The designation of protected information that exists in tangible form shall be made by visibly marking the item as "CONFIDENTIAL." Protected information that exists in a



form that cannot readily be marked in a visible fashion shall be specifically identified, when produced, in correspondence by the producing party's or third party's counsel. In the event the producing party, third party, or non-party elects to produce original files and records for inspection, and the inspecting party desires to inspect these files and records, no markings need be made by the producing party or third party in advance of the initial inspection. All documents within the produced files and records shall be considered marked as "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party or third party shall mark the copies of the documents containing confidential materials with the corresponding designation prior to producing the copies. Marking the first page of a multi-page document with a confidentiality designation shall be deemed a designation of all pages of such document under the same confidentiality designation, unless otherwise indicated by the producing party or third party.

5. Confidential Information shall not be used by any recipient or disclosed by anyone for any purpose other than in connection with the prosecution or defense of this specific action, and shall not be disclosed to anyone other than those persons designated in Paragraph 6, except as specified in this Protective Order.

6. Only the following persons may be allowed access to information designated as "CONFIDENTIAL":

a. Parties to this action, their counsel of record, and any insurer of a party that has an interest in the action;

b. The Court, its staff, and court reporter(s); mediators or arbitrators, and their staff, as may be engaged in this matter; and court reporters and their staff, as may be engaged to appear at depositions or transcribe testimony in this matter;

c. Outside litigation counsel of record in this action, and legal associates, paralegal assistants, clerical staff, data processing staff, and secretaries employed by or under contract with such outside counsel and actively



engaged in assisting such counsel with respect to this action;

d. Upon compliance with the provisions of Paragraph 7 below, independent experts, litigation consultants (not regularly employed by either of the parties) employed by the parties or counsel of record for the parties, and fact witnesses whom counsel reasonably believe may be called by any party to this action to testify at the trial of this action;

e. Employees, officers, and directors of any party whose access to the information is necessary to the prosecution or defense of this lawsuit;

7. Unless otherwise agreed between counsel for all of the parties in a written agreement signed by counsel for all parties or on the record in a deposition by counsel for all of the parties, no person authorized under Paragraph 6(d) to have access to Confidential Information shall be granted access to that information until that person has received and read a copy of this Protective Order and has agreed in writing to be bound hereby by signing form attached hereto as Exhibit "A."

8. The disclosure or production of any document or other information shall be without prejudice to, and without waiver of, any claim that the document or information is protected from disclosure, production, or introduction into evidence by the work product doctrine, the attorney-client privilege, or any other privilege, immunity, or ground that protects the document or information from disclosure, production, or introduction into evidence. If any party, third party, or non-party inadvertently discloses or produces any document or information that may arguably be protected from disclosure by any privilege, doctrine, immunity, or other legal ground, the disclosing or producing party or third party or non-party shall, within ten (10) court days of the discovery of the inadvertent disclosure or production, notify the receiving party that it is asserting the privilege or doctrine. If the receiving and producing parties dispute whether the document is actually Confidential or protected by a privilege, immunity, doctrine, or other legal ground, they shall follow the procedures as outlined in Paragraph 11.

9. During the course of any depositions taken in this proceeding or within thirty (30) days

after receipt of a final deposition transcript, a party, third party, or non-party may designate specific portions of the transcript that contain or cover information or documents that may be considered Confidential Information. The designation shall be made on the record or in writing, setting forth the designated page numbers and lines from the deposition transcript, and shall be served upon all counsel. In order to give the parties an opportunity to review the transcripts and designate portions that contain Confidential Information, all transcripts will be treated as being designated in full as Confidential Information for this thirty (30) day period or for such longer time frame as the parties may agree in writing. Any portions of the transcript designated "CONFIDENTIAL" shall thereafter be treated as Confidential Information in accordance with this Protective Order.

10. Nothing herein shall restrict a party's use or disclosure of its own Confidential Information.

11. Any party may object in writing to the designation of material as "CONFIDENTIAL" or to the assertion of a privilege or other protection concerning a document or information. The following procedure shall apply to the resolution of any such objection:

   a. The written objection must identify the particular information that the receiving party believes should not be treated in accordance with its confidentiality designation and/or should not be privileged or otherwise protected within ten (10) days of the first production or disclosure of the information;

   b. Counsel for the parties must confer as soon as possible after the written objection is made, but no later than ten (10) court days after notice of the objection is received by the producing party, in good faith, in an effort to resolve the dispute without the necessity of a hearing before the Court;

   c. If the parties cannot resolve the objection after conferring in good faith, it shall be the obligation of the party designating the material as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed material should be subject to the terms of this Protective Order. Unless the parties agree



otherwise, such motion must be filed within thirty (30) days from the date of the failed meet and confer between the parties, and the disputed material shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed material shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the material as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed material to be treated as CONFIDENTIAL.

12. Unless otherwise permitted by statute, rule or prior Court order, papers that have been designated Confidential Information and filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the Court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

13. In the event that any party or the attorneys of any party to this litigation is served with a subpoena, court order, or other compulsory demand (a "Demand") to produce Confidential Information, and before Confidential Information may be shared, all parties subject to the terms of this Protective Order must be given written notice of the Demand. Such written notice shall be made by email and certified U.S. mail, return receipt requested, at the address(es) last provided to this Court or known to the parties. Notice by email must be made the same day the Demand is received, and notice by certified mail must be made within two (2) business days of receipt of the Demand. The notice must include (i) a copy of the Demand; (ii) an identification of the names and addresses of the specific individuals with whom the Confidential Information would be shared and



who they represent; and (iii) the specific Confidential Information subject to the Demand. The parties receiving the notice shall have thirty (30) days from the date of receipt of the notice or until the time for a response to the Demand is required, whichever comes first, to file and serve a motion challenging whether the Confidential Information may be shared. Additionally, the party served with a Demand shall, before the time to respond to the Demand, lodge a written objection with the requesting party and with the Court in which the Demand originated, notifying them that the requested information is Confidential and subject to the terms of this Protective Order. Confidential Information may not be shared until and only if an order is entered requiring such disclosure or until and only if all parties have indicated in writing that they do not have any objections to the Demand. If Confidential Information is to be disclosed pursuant to a court order requiring such disclosure, and before such Confidential Information is disclosed, the party sharing Confidential Information must first provide all parties to this litigation with written proof that the person to whom disclosure is to be made agrees in writing to be bound by the terms of this Protective Order.

14. The parties acknowledge that the unauthorized disclosure of Confidential Information will result in irreparable harm to the party designating the information or documents as "CONFIDENTIAL." Further, the parties have the right to seek to enforce this Protective Order and to seek any and all appropriate relief for any violation of this Protective Order from the parties and/or their counsel, including seeking sanctions, penalties for contempt of court, injunctive relief, damages, attorneys' fees, costs, or other compensation.

15. Within sixty (60) days after the conclusion of this action, including all proceedings for the judicial enforcement of any award and the exhaustion of all appeals, whether such conclusion results from dismissal, settlement, trial, or any other means, all information containing a confidentiality designation that is furnished or produced under the terms of this Protective Order, including all copies thereof and all documents incorporating such information, shall be either (1) delivered to counsel for the designating party, third party, or non-party or (2) destroyed. Counsel for the parties shall confirm, in writing, that they,



as well as all other recipients, have complied with this Paragraph following either delivery or destruction as contemplated in this Paragraph. Papers filed with the Court under seal shall remain under seal unless this Court, for good cause shown, otherwise directs. The parties' outside counsel may maintain copies of pleadings filed in this action that contain information designated under this Order; provided, however, that the restrictions on use and access in this Order shall continue to remain in place with respect to the pleadings and work product, unless the parties otherwise agree in writing.

16. This Protective Order shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of all parties filed with this Court. This Protective Order shall survive any settlement, judgment, or other disposition of the lawsuit and all appeals therefrom. Without limiting the generality of the foregoing, this Protective Order shall survive and remain in full force and effect after the termination of this action. This Court will retain jurisdiction over this order while this case is pending and its jurisdiction will cease upon dismissal of the case.

**IT IS SO ORDERED:**

DATED this 12th day of June, 2023

UNITED STATES MAGISTRATE JUDGE

AGREED TO BY COUNSEL OF RECORD:

Dated: June 12, 2023

*/s/ Julie McGrath Throop*
Julie McGrath Throop, Esq.

*/s/ Alison R. Kertis*
Alison R. Kertis, Esq.

*Sarah B. Lee*
Sarah B. Lee, Esq.

**EXHIBIT A**

**CERTIFICATION REGARDING CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, ________________________________, am about to receive Confidential Information supplied in connection with the proceeding captioned Kimberly Glass v. MTM Transit, LLC.; Circus and Eldorado Joint Venture, LLC d/b/a Silver Legacy Resort Casino (Case No. 3:23-cv-00169-ART-CLB) (the "Proceeding"). I certify that I understand that the Confidential Information is provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in this Proceeding. I have been given a copy of the Stipulated Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Information, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed, provided to, or discussed with anyone except as expressly permitted by the Stipulated Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Information obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Information provided to me in the Proceeding in a secure manner, and that all copies of such Confidential Information are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Confidential Information will be returned to counsel who provided me with such Confidential Information.

I declare under penalty of perjury, under the laws of the State of Nevada that the foregoing is true and correct.

Executed this _____ day of _______________, 202__, at_______________________[*location*].

BY: ________________________________
Signature

________________________________
Title

________________________________
Address

________________________________
City, State, Zip

________________________________
Telephone Number